IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM C. BYERS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO.  CIV-10-1190-HE |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff William C. Byers filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance and supplemental security income benefits.  Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Doyle W. Argo, who recommends that the Commissioner's decision be affirmed.

Plaintiff claims he is disabled due to heel problems, being legally blind, having a detached retina, and depression. He filed his application for benefits in April 2008 and, when it was denied initially and on reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ").  The ALJ denied plaintiff's request for benefits at the last step of the five-step sequential process for determining disability.

The ALJ found at steps two and three that plaintiff had several severe mental impairments – depressive disorder, alcohol dependence and antisocial personality disorder – but they did not  not alone, or in combination with other impairments, meet or equal any listed impairment.  He also found that plaintiff's physical impairments of heel problems and

low vision were not severe. At step four the ALJ found plaintiff had the residual functional capacity ("RFC") to perform light work, but could not perform his past relevant work as a painter. Finally, at step five the ALJ found that plaintiff was not disabled because he could perform other work such as ticket seller, electronics worker or storage facility rental clerk. When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner.

Plaintiff reurges the three arguments he presented to the magistrate judge – that the ALJ failed to discuss his borderline age, failed to inquire into whether the vocational expert's testimony conflicted with the Dictionary of Occupational Titles ("DOT") and failed to properly evaluate and weigh the medical opinion evidence.

The court agrees with the magistrate judge's analysis of the borderline age issue and his conclusion that the Commissioner did not err when he did not consider plaintiff's age to be "borderline." The regulations refer to someone as being in a borderline situation if he or she is "within a few days to a few months of reaching an older age category." 20 C.F.R. §§404.1563(b), 416.963(b). The court previously concluded an ALJ erred in not addressing whether a claimant, who was within four months of his fiftieth birthday, was of borderline age. Noteware v. Astrue, No. CIV-10-912-HE (W.D.Okla. Aug. 18, 2011).[1] However, in the absence of unusual circumstances it is not inclined to "extend[] the benefits of a 'borderline' age determination to persons like [plaintiff] who are within five (5) to six (6)

---

[1]The court adopted the Report and Recommendation of Magistrate Judge Roberts, Noteware v. Astrue, 2011 WL 3652255 (W.D.Okla. July 18, 2011).

months of their fiftieth[-fifth] birthday." Roberts v. Barnhart, 139 Fed.Appx. 418, 420 (3d Cir. 2005) (unpublished).

What plaintiff is asking the court to do is conclude that "six months is within the time frame that should be considered a borderline age."[2] Objection, p. 4. The court is unwilling to make such a categorical determination. Rather, it agrees with the conclusion in Holland v. Comm'r of Social Security, 2012 WL 11052, at *1 n.1 (W.D.Pa. 2012), that because there is not a bright-line rule for what constitutes a borderline situation, "courts should consider not only the amount of time between a claimant's age and the cutoff for the next age category, but the surrounding circumstances as well." Those circumstances have included whether the ALJ mechanically applied the Grids or consulted a vocational expert and used the Grids as a framework, and whether there was evidence that the claimant's age was "a factor significantly limiting [his] vocational adaptability." Id. (quoting Roberts, 139 Fed.Appx. at 420). In his objection plaintiff essentially offers no basis, other than his age, to support his argument that the ALJ should have considered his age to be borderline. That is insufficient to warrant a determination that the ALJ erred when he failed to consider plaintiff as being in a borderline age situation.[3] See Holland, 2012 WL 11052, at *1 n.1 ("ALJ did

---

[2] *In Cox v. Apfel, 1998 WL 864118, at * 4 (10th Cir. 1998), the Tenth Circuit concluded that "because plaintiff was within six months of the next age category, that is, advanced age, at the time the ALJ issued his decision, he erred by not addressing whether plaintiff was of borderline age before choosing a rule from the grids." However, the court does not read Cox, as establishing that every claimant who is within six months of the next age category must be considered to be "of borderline age."*

[3]*As the magistrate judge noted, based on the ALJ's remarks during the administrative hearing, the ALJ may have considered whether plaintiff's age was "borderline." If so, a discussion*

not err in failing to consider whether Plaintiff should be considered to be a person closely approaching advanced age," under the facts of the case, which "includ[ed] the fact that a VE was relied upon and the fact that the record show[ed] no additional vocational adversities").

The court is not persuaded by plaintiff's remaining arguments, which also were considered under the *de novo* standard of review. It agrees with the magistrate judge's analysis and conclusions that the ALJ did not err in finding plaintiff could perform other work and that he properly evaluated and weighed the medical evidence.

Accordingly, the court adopts Magistrate Judge Argo's Report and Recommendation. The Commissioner's decision is **AFFIRMED**.

---

*of why he determined a borderline situation did not exist, while not mandatory, would have been helpful. See Daniels v. Apfel, 154 F.3d 1129, 1133 n.5, 1136 (10th Cir. 1998) (When a borderline situation exists under § 404.1563(a), the ALJ must address the issue and make a factual "finding regarding the appropriate age category in which to place a claimant [that is] supported by substantial evidence."). Contra Bowie v. Comm'r of Social Security, 539 F.3d 395, 402-03 (6th Cir. 2008) (disagreeing with Daniels to the extent it could "be read to hold that 20 C.F.R. § 404.1563 imposes on the Commissioner a per se procedural obligation to address explicitly a claimant's borderline-age situation in every borderline case" and noting that the Daniels apparently was unaware of the 1993 " HALLEX interpretation regarding borderline age situations"). See generally Hearings, Appeals and Litigation Law Manual of the Social Security Administration (HALLEX) II-5-3-2 ("Absent a showing of additional adversity(ies) justifying use of the higher age category, the adjudicator will use the claimant's chronological age — even when the time period is only a few days. The adjudicator need not explain his or her use of the claimant's chronological age.").*

**IT IS SO ORDERED**.

Dated this 10th day of February, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE